IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CHESTER S. PHILLIPS,

    Plaintiff,

v.

COURIER EXPRESS/ORLANDO INC.,
a Florida profit corporation,
JACK MESSERLY, individually,
and JAMES MESSERLY, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, CHESTER S. PHILLIPS, [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendants, COURIER EXPRESS/ORLANDO, INC., a Florida profit corporation, and Joint Employers JACK MESSERLY, individually, and JAMES MESSERLY, individually and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. Defendant COURIER EXPRESS/ORLANDO INC. ["COURIER"] is and was a Florida Corporation that conducted business in Miami-Dade County, Florida during the relevant period.

4. Defendant Jack Messerly was at all material times the Chief Executive Officer (CEO) of the COURIER and involved in the decision not to pay overtime wages to Plaintiff.

5. Defendant James Messerly was at all material times the President of COURIER and otherwise engaged in operational control over COURIER as well as the decision not to pay Plaintiff overtime wages.

6. Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because Defendant(s) transact business in this District and maintains a principal place of business in this District, Defendant(s) employed Plaintiff in this District, and the claims arose within this District .

8. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

## GENERAL ALLEGATIONS

9. COURIER operates the business of courier delivery, freight and warehousing.

10. In or around May 2014, Plaintiff began performing work for the Defendants in the Florida branch in Deerfield Beach. Plaintiff was specifically hired as an operations supervisor to oversee delivery distribution teams which duties he carried out faithfully and diligently throughout his employment with the Defendants.

11. During his employment Plaintiff held three different positions, in each of his roles he was required to drive and deliver goods even though that was not part of his official duties.

12. During the relevant preceding three-year time period, Plaintiff held the position of Area Manager and Freight Manager until his separation in May 2018. In these positions he worked in excess of 40 hours per week and was not paid overtime.

13. In these roles he worked 65-80 hours a week. Many times due to staffing shortages he would have to drive the delivery vehicles. This happened three or more times a week.

14. Plaintiff made local deliveries.

15. Plaintiff does not hold a commercial driver's license.

16. Plaintiff was not paid overtime payments for the hours over 40 per week that he worked.

17. Plaintiff was a nonexempt employee.

18. Plaintiff was not paid overtime wages.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## AS TO DEFENDANT COURIER

Plaintiff re-alleges Paragraphs 1 through 18 as set forth herein.

19. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

20. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

21. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

22. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

23. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not

compensated in the preceding period of time.

24. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

25. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

26. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

27. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT II
### UNPAID OVERTIME
### INDIVIDUAL DEFENDANTS

Plaintiff re-alleges Paragraphs 1 through 18 as set forth herein.

28. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

29. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendants.

30. Plaintiff worked in excess of forty (40) hours per week without being compensated for any

overtime benefits by the Defendants.

31. Individual Defendants had operational control of Defendant COURIER.

32. Individual Defendants were involved in the decision to not pay wages to Plaintiff.

33. Together with COURIER the individual defendants are joint employers.

34. Individual Defendants failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

35. The Individual Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

36. Individual Defendants failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

37. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

38. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

39. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of

suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 31st day of January 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com