UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20430-BLOOM/Louis

CHESTER S. PHILLIPS,

    Plaintiff,

v.

COURIER EXPRESS/ORLANDO INC.,
a Florida profit corporation, JACK
MESSERLY, individually, and
JAMES MESSERLY, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, CHESTER S. PHILLIPS, and Defendants, COURIER EXPRESS/ORLANDO, INC., JACK MESSERLY, and JAMES MESSERLY, by and through their undersigned counsel hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice and state as follows:

On January 31, 2020, Plaintiff filed his complaint alleging an overtime violation under the FLSA. The Defendants deny that they violated the FLSA in any manner, however, the parties have been able to reach a settlement concerning the Plaintiff's claims, and have incorporated said settlement into a settlement agreement executed by both of the Parties.

Pursuant to Lynn's Food Stores, Inc. v. U.S, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled only with the approval of the Court or Secretary of Labor. The Parties stipulate that the negotiated settlement reached between the Parties represents a "fair"

resolution of Plaintiffs' FLSA claims as well as Plaintiffs' reasonable attorneys' fees and costs. The Parties also stipulate that the settlement reached between them advances judicial economy.

The Parties further stipulate to the dismissal, with prejudice, of this action of all claims asserted, upon approval by the Court as requested above with each party to bear its own attorney's fees and costs.  The Parties further request this Court retain jurisdiction to enforce that the Settlement Agreement entered into by and between the Parties. (See Settlement Agreement attached hereto as Exhibit "A")

As set forth in Exhibit A, the parties agreed to a $20,000.00 settlement which is broken down as follows: $5,500.00 in attorney's fees, $7,250.00 for back wages and $7,250.00 as liquidated damages.

The amount paid to Mr. Phillips is based on a half time rate and an estimate of hours he worked during the nonexempt periods of his employment. The parties compromised on the time periods at issue but not the total hours worked each week. The Scott Wagner law firm has expended $780.04 in expenses (Filing fee $400 and service on all defendants $380.04). The firm has spent 12.13 hours of time in representing Mr. Phillips.  The majority of the hours of 7.92 have been spent have been expending by Ms. Scott, who is board certified and regularly charges $450 per hour. The remaining time is spent by Certified Paralegal, Ashley Prescott who spent 4.07 hours at a rate of $125.00 per hour and Paralegal, Rhonda Reddix, who spent .14 hours at a rate of $90.00 per hour for a total of $4,865.39

The actual total of fees and cost is $5,645.43, in excess of the settlement amount of $5,500.00

Dated this 13th day of April 2020

| s/Cathleen Scott | s/Cathy M. Stutin |
| Cathleen Scott, Esq. | Cathy M. Stutin, Esq. |

| | |
|---|---|
| Florida Bar No.:  135331<br>Primary e-mail: CScott@scottwagnerlaw.com<br>Secondary e-mail: mail@scottwagnerlaw.com<br>SCOTT WAGNER & ASSOCIATES, P.A.<br>Jupiter Gardens<br>250 South Central Boulevard, Suite 104-A<br>Jupiter, FL 33458<br>Telephone:   (561) 653-0008<br>Facsimile:    (561) 653-0020<br>Secondary Address:  101 Northpoint Parkway<br>West Palm Beach, FL 33407<br>www.ScottWagnerLaw.com | Florida Bar No.: 0865011<br>cstutin@fisherphillips.com<br>Fisher & Phillips LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 525-4800<br>Facsimile: (954) 525-8739 |